ACCEPTED
02-18-00166-CV
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
5/25/2018 10:11 AM
DEBRA SPISAK
CLERK

No. 02-18-00166-CV

| | | |
|---|---|---|
| Dan Simmons, | § | In the Court of Appeals |
| Simmons & Associates of North | § | |
| Texas, P.L.L.C.; DS Family, LP; | § | |
| Financial Worx, Ltd; and Sekure | § | |
| Connekt, Ltd., | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | Second District |
| | § | |
| Richard Wylie, individually, | § | |
| KSW CPA, P.C., *fka* | § | |
| Simmons & Wylie, P.C.; | § | |
| HMSW CPA, P.L.L.C., | § | |
| | § | |
| Appellees. | § | Tarrant County, Texas |

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS

5/25/2018 10:11:40 AM

DEBRA SPISAK
Clerk

## APPELLEES' RESPONSE TO APPELLANTS' MOTION FOR EMERGENCY STAY OF TEMPORARY INJUNCTION PENDING ACCELERATED APPEAL

Appellees Richard Wylie, Jr., KSW CPA, P.C., and HMSW CPA, P.L.L.C. (collectively, "Defendants") hereby submit their Response to Appellants' Motion for Emergency Stay of Temporary Injunction Pending Accelerated Appeal (the "Motion").

As an initial matter, Appellants strangely cite *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981), as somehow governing the disposition of the Motion. However, this case does not proceed pursuant to the Federal Rules of Civil Procedure. Under Tex. R. App. P. 29.3, this Court must not stay the order of the trial court "if the appellant's rights would be adequately protected by supersedeas or another order made under Rule 24." Appellants have neither availed themselves of the relief permitted under Rule 24 nor made any showing that such relief would not adequately protect their rights. They have ignored the relevant rules altogether.

Furthermore, Appellants base much of their Motion on claimed flaws in the trial court's order. Despite having had the proposed order that served as a model for the trial court's order

RESPONSE TO MOTION FOR EMERGENCY STAY 1

for over six weeks between the time of Defendants' filing of their Motion for Temporary Injunction on March 28, 2018, and the hearing on that motion on May 11, 2018, Appellants never made any of the objections to the trial court that they now make to this Court. Neither did Appellants meaningfully confer with Defendants for purposes of Tex. R. App. P. 10.1(a)(5) by articulating those objections.

Defendants have no objection to a modification of the trial court's order to address many of the objections posed by Appellants to this Court.[1] Specifically, although the reason for the trial court's grant of a temporary injunction was clear because the parties had agreed injunctive relief was an appropriate and necessary remedy in case of any violation of the non-competition provisions of the July 24, 2008, Purchase Agreement (the "Purchase Agreement") between the parties, Defendants do not have any objection to the trial court adding language to that effect in its order. Likewise, although it was clear that the above-referenced contractual violations would cause Defendants irreparable harm without injunctive relief because the parties had expressly agreed as much in the Purchase Agreement, Defendants have no objection to the trial court adding relevant language to its order. Finally, although the trial court had already set a trial date for the resolution of all issues in the litigation, Defendants have no objection to the trial court referencing that trial date in its order. Defendants have moved the trial court to make such modifications, as evidenced by the filing included as Exhibit A to this Response.

Appellants argue that the trial court's order improperly references other documents. Motion, at 6-7. However, in this case, the trial court's order must necessarily reference Exhibit

---

[1] Defendants do not include a Factual Background section to their Response to Appellants' Motion because Appellants include Defendants' entire Motion for Temporary Injunction to the trial court as Exhibit 2 to their Motion to this Court. Defendants invite this Court to review their Motion for Temporary Injunction, along with the attached exhibits, for a full understanding of the factual background and the evidentiary showing offered in support.

A to the Purchase Agreement because Exhibit A contains the list of clients transferred under the Purchase Agreement. Because the trial court's order enjoins Appellants from providing public accounting services to clients on that list, it must necessarily reference the list.

Appellants further contend that the trial court had no jurisdiction to enter a temporary injunction ostensibly because the relevant non-competition provisions of the Purchase Agreement had expired before the entry of the order. Motion, at 8-10. However, Defendants' Motion for Temporary Injunction addresses precisely that issue, explaining that the Purchase Agreement contained another provision which extended the periods covered by the non-competition provisions to include any periods of violation. Motion, Exhibit 2, at 7-10. Because of this extension provision, the non-competition agreements never expired. Appellants now contend that this extension provision is unenforceable. Motion, at 10 n.4. However, they cite only cases from Wisconsin and Georgia for this proposition. In any event, these cases are inapposite.

The first case cited, *H&R Block Eastern Enterprises, Inc. v. Swenson*, 745 N.W.2d 421, 427 (Wis. Ct. App. 2007),[2] addresses a situation in which a company sought to restrain former employees. The court noted the strong public policy embedded in an applicable Wisconsin statute in protecting former employees from ambiguous restraints on trade. *Id*. For example, an employee might not know precisely what conduct would trigger the tolling provision and for how long. *Id*. Here, the Purchase Agreement was negotiated between two equal parties for the purchase of an accounting firm, almost the entire value of which lay in its clients. Furthermore, no party has contended that the relevant contractual provisions contain any ambiguity. On the contrary, the language of the Purchase Agreement itself, in Sections 8.7 through 8.10, made clear

---

[2] Appellants miscite this case as 745 N.S.2d 421.

how critical these non-competition provisions were to the transfer of assets under the Agreement. If either party had perceived any ambiguity in such critical provisions, it was incumbent on them to ensure the elimination of any such ambiguity before executing the Agreement.

In the second case cited, *ALW Marketing Corp. v. Hill*, 422 S.E.2d 9 (Ga. Ct. App. 1992), the court pointed to difficulties similar to those which rendered the covenants unenforceable in *Swenson*. In *Hill*, the court explained that the covenants contained language which made it impossible for the employees to determine what "termination of the agreement" meant in connection with these covenants, such that they could not understand with reasonable certainty what actions might constitute violations of the covenant. *Id.*, at 12-13. Consequently, the covenants were unenforceable. As discussed above, no such ambiguities or other concerns exist in connection with the Purchase Agreement at issue here.

Texas courts have no qualms about enforcing extension provisions of the sort at issue in this matter. In fact, as demonstrated by *Sadler Clinic Ass'n, P.A. v. Hart*, 403 S.W.3d 891, 898 (Tex. App.—Beaumont 2013, pet. denied), Texas courts will enforce such provisions, so long as the extension provisions have not themselves expired by their own terms. Here, they have not expired.

Appellants finally argue that they will suffer irreparable injury based on the trial court's order. Motion, at 11-12. However, they provide no evidence whatsoever to support this contention, offering nothing but conclusory statements that Appellants would lose clients they had served for years. Even these conclusory statements do not suggest irreparable harm, particularly in that the trial court predicated its order on a finding that Appellants violated the non-competition provisions of the Purchase Agreement precisely by serving these very clients which they had transferred to Defendants by means of the Purchase Agreement. Ironically, in

offering such a contention as baseless support for their own claims of irreparable harm, Appellants only reinforce the basis for the trial court's order in favor of Defendants.

In light of the foregoing, Defendants respectfully request that this Court deny Appellants' Motion in its entirety.

DATED: May 25, 2018

Respectfully submitted,

___/s/ Mark Whitburn_____
Mark Whitburn
State Bar No. 24042144
Whitburn & Pevsner, PLLC
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
Tel: (682) 706-3750
Fax: (682) 706-3789
mwhitburn@whitburnpevsner.com

Ronald W. Roberts
State Bar No. 17018600
Craig D. Davis
State Bar No. 00793588
Jeffrey W. Ermis
State Bar No. 24032159
1010 N. Center St., Suite 100
Arlington, Texas 76011
Tel: (817) 265-8832
Fax: (817) 262-3264

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on counsel of record for

Appellants by electronic filing service on May 25, 2018, as follows:

Peter C. Smythe
Smythe PC
777 Main Street, Suite 600
Fort Worth, Texas 76102
Fax: (817) 460-9777

____/s/ Mark Whitburn____
Mark Whitburn
